**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60181-CV-ALTONAGA**
**MAGISTRATE JUDGE REID**

ALPHONSO DAVIS,

        Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

        Respondent.

**REPORT OF MAGISTRATE JUDGE**

Petitioner has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking his judgment of conviction in Case No. 10-021484CF10A, Seventeenth Judicial Circuit of Florida, Broward County. [ECF No. 9]. As further discussed below, the Amended Petition should be DENIED.

**I.   Background**

The state charged Petitioner with sexual battery--familial or custodial authority (count one) and unlawful sexual activity with a minor (count two). [ECF No. 1 at 2].[1] A jury convicted him of both counts. [*Id.* at 5-6]. The trial court imposed a 20-year sentence on count one and a concurrent 15-year sentence on count two. [*Id.* at 9, 12, 14].

Petitioner appealed. [*Id.* at 16]. The Fourth District Court of Appeals ("Fourth District") affirmed without comment. *See Davis v. State*, 163 So. 3d 1215 (Fla. 4th DCA 2015) (table).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. [*Id.* at 111]. The trial court granted the motion in part, ruling that he was entitled to be

---

[1] All citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

resentenced based on a corrected scoresheet, but denying the remaining grounds. [*Id.* at 198]. At resentencing, the trial court imposed the same sentence. [*Id.* at 201, 203-04, 206].

Petitioner appealed. [*Id.* at 208]. The Fourth District reversed for a *de novo* resentencing hearing, *see Davis v. State*, 219 So. 3d 863 (Fla. 4th DCA 2017), issuing its mandate on June 9, 2017, [ECF No. 15 at 3]. At resentencing, the trial court imposed a 30-year term on count one and a concurrent 15-year term on count two. [ECF No. 16-1 at 255, 257-58, 260].

Petitioner appealed. [*Id.* at 262]. The Fourth District affirmed, *see Davis v. State*, 268 So. 3d 147 (Fla. 4th DCA 2019), issuing its mandate on February 15, 2019.

Petitioner timely filed a § 2254 Petition, [ECF No. 1], which he amended pursuant to Court Order, [ECF Nos. 5, 9]. The state filed a Response and supporting documentation. [ECF Nos. 15-17]. Petitioner filed a Reply. [ECF No. 23].

## II.     Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S.

362, 412-13 (2000). Under § 2254(d)(2), courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *See id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015) (citations omitted). That is, "[a] state court's . . . determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citations and quotation marks omitted).

Under § 2254(d), where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

A contrastable situation occurs when the decision of the last state court to decide a federal claim contains no reasoning and there is "no lower court opinion to look to." *Id.* at 1195. In this case, "it may be presumed that the state court adjudicated the claim on the merits in the absence

3

of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99 (citation omitted). Thus, "[s]ection 2254(d) applies even [though] there has been a summary denial." *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (citation omitted). Because § 2254(d) applies, and because the last state court decision is unreasoned and there is no lower court decision to look to, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision[] and . . . ask whether [they] are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102.

### III.   Claim One

Petitioner contends that the trial court "abused its discretion in denying [his] motion for mistrial after the state repeatedly elicited hearsay statements, despite judicial admonishments[] that the testimony was prejudicial." [ECF No. 9 at 5]. In support, he alleges that the prosecutor "elicited prejudicial hearsay from two of [the state's] witnesses, even after the Trial Court admonished her and sustained Defense Counsel's objections." [*Id.* at 5]. He notes that "Defense Counsel moved for a mistrial and argued that the cumulative [effect] of the errors [was] so prejudicial as to require the Trial Court to grant the motion," but that "the Trial Court denied the defense's motion for mistrial." [*Id.*]

Petitioner raised this claim partly in federal terms on direct appeal, arguing that "[t]his repeated misconduct by the state . . . was so prejudicial as to vitiate the entire trial and deprive [petitioner] of a fair [trial] and due process." [ECF No. 16-1 at 41]. In its response, the state contended the hearsay was not so prejudicial as to vitiate the entire trial because: (1) the trial court sustained many of defense counsel's objections to the hearsay and the court instructed the jury to disregard the statements; and (2) hearsay testimony that the victim was pregnant was cumulative

of the testimony of the victim and another witness. [*Id.* at 83-84]. The Fourth District affirmed without comment. *See Davis*, 163 So. 3d at 1215.

Courts "will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial." *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998) (citation omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (state habeas petitioner not entitled to relief because "the introduction of the challenged evidence [did not so infuse his] trial with unfairness as to deny due process of law" (citations omitted)).

Here, the Fourth District reasonably rejected this claim. The trial court sustained many of defense counsel's objections to the hearsay and gave curative instructions. *See, e.g.*, [ECF No. 17-1 at 493, 573, 580-81, 593, 601]. The jury presumably followed these instructions, *see Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and Petitioner has not shown otherwise. Furthermore, the hearsay testimony that the victim was pregnant was cumulative of other, admissible testimony. *See, e.g.*, [ECF No. 17-1 at 832, 1195-96]; *see also Drew P. v. Clarke Cnty. Sch. Dist.*, 877 F.2d 927, 931-32 (11th Cir. 1989) ("The [evidence], even if improperly admitted, [was] merely cumulative of other evidence and therefore [its] admission was not reversible error.").

In sum, the Fourth District's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.[2]

### IV. Claims Two and Three

In claim two, Petitioner alleges that counsel ineffectively advised him not to testify because his testimony would have been the only evidence to support the defense's theory that the "entire scenario was fabricated." [ECF No. 9 at 7] He alleges, without support, that his testimony would have contradicted the testimony of the victim and witnesses. [*Id.* at 7-10].

---

[2] Indeed, the Supreme Court does not appear to have clearly established that the admission of erroneous or overtly prejudicial evidence may violate due process. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

In claim three, he alleges that counsel ineffectively failed to object to collateral crime evidence on the specific ground that the charged crime and the collateral crime were not sufficiently similar to warrant the admissibility of the former. [*Id.* at 11-12].

He concedes that he failed to raise either of these claims in state court. [*Id.* at 10, 12]. But he contends that this Court can consider these unexhausted claims under *Martinez v. Ryan*, 566 U.S. 1 (2012). The Undersigned declines to resolve this issue and, instead, reviews both claims *de novo*. *See Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1359 (11th Cir. 2020)

To establish a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey*, 694 F.3d at 1256, as well as the burden of proof under § 2254. *See Garlotte v. Fordice*, 515 U.S. 39, 46 (1995).

Here, claim two lacks merit. At trial, the court informed Petitioner that he had an "absolute right to testify in [his] own defense" and he said that he knew whether to testify was his decision to make. [ECF No. 17-1 at 1397-98]. Further, he stated that he did not want to call anyone else and had nothing "further to add to [the] trial . . . that [he thought] would change the course of the trial or anything." [*Id.* at 1379, 1397-98]. He added that his attorneys had "covered things thoroughly with their questions for the witnesses" and that he was "happy" with them. [*Id.* at 1379, 1398].

6

Based on these representations, Petitioner cannot show that counsel deficiently advised him not to testify. *See Pitts v. Sec'y, DOC & Fla. Att'y Gen.*, No. 2:15-CV-13-FTM-29MRM, 2016 WL 128559, at *5 (M.D. Fla. Jan. 12, 2016) ("If the Defendant consents to counsel's strategy, there is no merit to a claim of ineffective assistance of counsel." (citing *Gamble v. State*, 877 So. 2d 706, 714 (Fla. 2004))).

Petitioner responds that, although he "did voluntarily make the decision not to testify in his trial, . . . he only did so because he trusted in Counsel's advice . . . that he could not add anything to the defense by testifying." [ECF No. 23 at 7]. This contention is unsupported and self-serving, which is insufficient under *Strickland*. *See Boyd v. Comm'r, Ala. Dep't of Corrs.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

Furthermore, even if counsel's advice was deficient, petitioner has not shown prejudice. He stated at trial that he believed counsel had covered things thoroughly and that he had nothing else to add. His allegations here that he had further testimony are conclusory; he merely alleges that he would have contradicted the testimony of the state's witnesses. [ECF No. 9 at 7-10]. On this record, he cannot show a reasonable probability that he would have testified absent counsel's alleged misadvice. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Moreover, he cannot show a reasonable probability that, had he testified, his testimony would have led to a more favorable outcome. At least some of the testimony would have been cumulative with arguments already presented; counsel argued that the state's witnesses were "lying" and that petitioner "did not do this." [ECF No. 17-1 at 1469, 1491]; *cf. Rose v. McNeil*, 634 F.3d 1224, 1243 (11th Cir. 2011) ("Obviously, a petitioner cannot satisfy the prejudice prong of the *Strickland* test with evidence that is merely cumulative of evidence already presented at

trial." (citations omitted)). Additionally, the jury would have been free to "disbelieve all or any part of . . . [his] testimony," [*id.* at 1511], and most likely would have considering, in his words, the state's "damning evidence." [ECF No. 23 at 7].

Claim three also lacks merit. Petitioner's contention that the charged crime and the collateral crime were not sufficiently similar to warrant the latter's admissibility is "wholly conclusory and unsupported by factual allegations or proof." *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *see also Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)). Petitioner does not explain how the charged crime and collateral crime evidence were dissimilar. [ECF No. 9 at 11-12; ECF No. 23 at 9-10].

Moreover, he raised a variant of this claim on direct appeal, arguing that the trial court reversibly erred in admitting the collateral crime evidence. [ECF No. 16-1 at 42-51]. In its response, the state argued that the charged crime and the collateral crime were "strikingly similar," and the record supports its contention. [*Id.* at 97-98 (citing trial transcript)]. Even defense counsel admitted that there were "some similarities" between the abuse. [ECF No. 17-1 at 1049]. The Fourth District affirmed without comment, *see Davis*, 163 So. 3d 1215, implicitly finding that the trial court did not abuse its discretion in admitting this evidence.

Thus, Petitioner cannot show deficiency on this claim. The trial court almost assuredly would have rejected any more specific argument that the charged crime and collateral crime were dissimilar. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (collecting cases)). Petitioner has not shown counsel's

"ignorance of a point of law that [was] fundamental to his case." *See Hinton v. Alabama*, 571 U.S. 263, 274 (2014).

In sum, claims two and three lack merit.

## V.     Claim Four

Petitioner contends that the cumulative effect of the errors alleged in claims one through three violated his federal rights. [ECF No. 9 at 13]. Assuming this claim is even cognizable under § 2254, it "clearly fails in light of the absence of any individual errors to accumulate." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 n.3 (11th Cir. 2012).

## VI.     Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing [under § 2254]."); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318 (11th Cir. 2016) (petitioner not entitled to evidentiary hearing under § 2254 if fails to allege "enough specific facts that, if they were true, would warrant relief" (citations and internal quotation marks omitted)).

## VII.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court

rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, based on the entire record, a certificate of appealability should be denied. If Petitioner disagrees, he should raise this in his objections to the District Judge.

## VIII. Recommendations

As discussed above, it is recommended that the Amended Petition [ECF No. 9] be DENIED; no certificate of appealability issue; final judgment be entered; and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 15th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Alphonso Davis
     L96045
     Taylor Correctional Institution-Annex
     Inmate Mail/Parcels
     8629 Hampton Springs Road
     Perry, FL 32348
     PRO SE

Georgina Jimenez-Orosa
Attorney General Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: CrimAppWPB@MyFloridaLegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com