UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60181-CIV-ALTONAGA/Reid

**ALPHONSO DAVIS**,

      Petitioner,

v.

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS**,

      Respondent.
_____/

**ORDER**

      **THIS CAUSE** came before the Court *sua sponte*. On March 17, 2020, Petitioner, Alphonso Davis, filed an Amended Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 9]. Respondent filed a Response [ECF No. 15], to which Petitioner filed a Reply [ECF No. 23]. The Clerk referred the case to Magistrate Judge Lisette M. Reid for a report and recommendation on any dispositive matters. (*See* Notice [ECF No. 2]). On January 19, 2021, Magistrate Judge Lisette M. Reid entered a Report of Magistrate Judge ("Report") [ECF No. 24], recommending the Petition be denied, final judgment be entered, and that no certificate of appealability issue. (*See generally* Report).

      When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have

been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)).

The Report advised Petitioner he had 14 days to file an objection. (*See* Report 10). To date, Petitioner has not filed an objection. The Court therefore reviews the Report for clear error.

In his Amended Petition, Petitioner alleges four claims for relief: (1) "the trial court abused its discretion in denying Petitioner's motion for mistrial after the State repeatedly elicited hearsay statements[] despite judicial admonishments[,]" citing his "right to a fair trial and due process[;]" (2) his attorney provided ineffective assistance of counsel by "wrong[fully] interfer[ing] with his constitutional right" to testify in his own defense; (3) his attorney provided ineffective assistance of counsel by "fail[ing] to object to the admission of collateral crime evidence[;]" and (4) the "cumulative effect" of the trial court's and counsel's errors "deprived Petitioner of his constitutional right to a fair trial[.]" (Am. Pet. 5–13[1] (alterations added; capitalization omitted)).

In a thorough and well-reasoned Report, Magistrate Judge Reid concludes Petitioner's claims either lack merit or the state courts' rulings were neither contrary to federal law nor based on an unreasonable determination of fact. (*See* Report 4–9). The Court agrees.

Petitioner claims the prosecutor "elicited prejudicial hearsay from two of the state's witnesses, even after the Trial Court admonished her and sustained Defense Counsel's objections[,]" depriving Petitioner of his right to a "fair trial and due process." (Report 4 (alteration added; other alterations adopted; quotation marks omitted)). The Report notes the Eleventh Circuit's resistance to granting relief when a habeas petition alleges a federal claim based merely

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

on a state evidentiary ruling; the trial court's curative instructions; and the fact the hearsay testimony was cumulative of other admissible testimony. (*See id.* 5). Quite simply, no error is discerned from the Report. *See Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) ("Before [] relief [based on a state evidentiary violation] may be granted, the violation must rise to the level of a denial of fundamental fairness. In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was material in the sense of a crucial, critical, highly significant factor. . . . [A]pplication of this standard has been notably one-sided, consistent with the reluctance of federal courts to second-guess state evidentiary rulings." (alterations added; quotation marks and citations omitted)).

The Report next correctly finds Petitioner's ineffective-assistance-of-counsel claims (Claims 2 and 3) lack merit. (*See* Report 5–9). The Magistrate Judge reviewed the existing record and concludes Petitioner establishes neither the deficient performance nor prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), regarding his claims. (*See* Report 5–9). The Court agrees. As to Petitioner's remaining claim (Claim 4), the Court finds the claim "clearly fails in light of the absence of any individual errors to accumulate." (*Id.* 9 (quotation marks and citation omitted)).

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with Judge Reid's analysis and recommendations.

Accordingly, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 24]** is **ACCEPTED AND ADOPTED**. Petitioner, Alphonso Davis's Amended Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody **[ECF No. 9]** is **DENIED**. A certificate of appealability shall not issue. Final judgment will issue by separate

CASE NO. 20-60181-CIV-ALTONAGA/Reid

order. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 10th day of February, 2021.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Lisette M. Reid
counsel of record
Petitioner, Alphonso Davis, *pro se*